Patricia Ann **HILTON**, Appellant,

v.

Eric Michael **HILTON**, Appellee.

No. A14–83–454CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 2, 1984.

**646**

Marian S. Rosen, Marian S. Rosen & Associates, Houston, for appellant.

Robert J. Piro, Ann J. Crawford, Piro & Lilly, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a divorce decree relative to the property rights of the parties. Appellant, Patricia Hilton, asserts that the trial court erred in awarding appellee, Eric Hilton, 12,403 shares of Hilton Hotel Corporation stock as equitable reimbursement to appellee for utilizing his separate property to retire a community debt.

As an initial point, appellee has moved to dismiss this appeal because appellant has voluntarily accepted benefits (i.e. stock in various corporations) under the judgment. It is generally true that a party who has voluntarily accepted the benefits of a judgment, cannot afterward prosecute an appeal therefrom. This rule, however, is inapplicable where a reversal of the judgment on the grounds asserted by appellant could not possibly affect those benefits received. Under these circumstances, an appeal may be taken. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950).

If this case were reversed, it would be solely on the basis that the trial court erred in awarding appellee equitable reimbursement because appellee failed to plead and prove his reimbursement claim. In such case, the trial court would be required to order appellee to return the Hilton stock awarded to him as reimbursement or a cash equivalent to the community estate and then the trial court would proceed to make an equitable division of the property between the parties. There would be no reason for the trial court to order an entirely new division of the community estate. Therefore, there is no possibility that a reversal of the judgment in this case would affect appellant's rights to the benefits se-

cured under the judgment. Appellee's motion to dismiss is overruled.

We proceed to consider the merits of the appeal. The trial court's judgment awarded appellee 12,403 shares of Hilton Hotel Corporation stock as reimbursement to his separate estate from the community estate. Upon request, the trial court made the following findings of fact: (1) Eric M. Hilton inherited 12,403 shares of Hilton Hotel Corporation stock; (2) on July 15, 1981, Eric M. Hilton sold the 12,403 shares of inherited Hilton Hotel stock to retire a community indebtedness and (3) the separate estate of Eric M. Hilton and the borrowing power it allowed played a large part in his ability to build a significant community estate. The trial court's conclusions of law were (1) the 12,403 shares of Hilton Hotel Corporation stock inherited by Eric M. Hilton constitutes his separate property; and (2) Eric M. Hilton is entitled to equitable reimbursement to his separate estate for utilizing separate property to retire a community debt.

Appellant contends in her first point of error that appellee's pleadings are inadequate to support the trial court's award of reimbursement to appellee, because they fail to allege that the expenditures made from his separate estate to the community estate were greater than the benefits received by his separate estate. *Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex.1982). Appellee's First Amended Original Answer states in part:

Respondent would show that, as a part of his separate property inheritance from his deceased father, Conrad Hilton, a distribution of 16,300 shares of Hilton stock was made for his benefit during the marriage. In attempting to benefit the community estate of the parties, Respondent used the high basis Hilton stock aforementioned to extinguish a community debt. Respondent claims that the 16,300 shares of Hilton stock were his separate property and the simple exchange of a similar amount of shares which carried a low basis did not alter the separate property nature of such stock. Alternatively,

if this Honorable Court finds that the separate property stock was used to benefit the community, Respondent sets up his claim and hereby requests equitable reimbursement for such expenditure. Respondent requests that this court, upon final hearing, reimburse the separate estate of Respondent in relation to the above described situation.

WHEREFORE, PREMISES CONSIDERED, Respondent prays that Petitioner recover nothing by her suit; that all cost of Court herein be awarded against Petitioner; that this Honorable Court find and award to Respondent 16,300 shares of Hilton stock as Respondent's separate property or alternatively, if this Honorable Court finds that the separate property stock was used to benefit the community estate, Respondent prays for equitable reimbursement to his separate estate for such expenditure and for such other relief as requested in this First Amended Original Answer and for such other further relief Respondent may be justly entitled.

■ There is some authority supportive of appellant's position. *Klein v. Klein,* 370 S.W.2d 769 (Tex.Civ.App.—Eastland 1963, no writ). We believe, however, the better rule to be that the spouse who expends his or her separate funds to reduce the community estate indebtedness is entitled to reimbursement without the necessity of pleading or proof that such expenditures exceeded the benefits received. *Brooks v. Brooks,* 612 S.W.2d 233, 238 (Tex.Civ.App.—Waco 1981, no writ); *Pruske v. Pruske,* 601 S.W.2d 746 (Tex.Civ. App.—Austin 1980, writ dism'd). A pleading that the benefits bestowed by the expenditure is greater than the benefit received is unnecessary because a separate estate which is not specifically subject to community liabilities cannot directly benefit from the use of separate funds to retire that community debt. There is no question of commingling the separate funds with the community here so as to make the separate funds indistinguishable. The separate assets are clearly identifiable. We find appellee's pleading provided adequate

notice of its reimbursement claim and is sufficient to support the trial court's judgment.

■ Additionally, appellant has waived her right to complain on appeal concerning any deficiencies in appellee's pleadings by her failure to specifically point out the alleged deficiencies by exception in writing to the trial court before the judgment was signed. TEX.R.CIV.P. 90.

■ Appellant also contends under point of error one that appellee is not entitled to reimbursement because appellee failed to trace the funds obtained from the sale of his Hilton stock into some asset of the community estate. In this case, appellee proved that the community estate was benefited by the use of the proceeds of the sale of his stock to extinguish a community debt. This was all that was required of appellee to establish his reimbursement claim. *Brooks,* supra. Tracing is a means used to rebut the presumption that all property on hand at the dissolution of the marriage is community property. *Tarver v. Tarver,* 394 S.W.2d 780 (Tex.1965). Tracing is not required for a claim of reimbursement based on the use of separate funds to retire a community debt. *Horlock v. Horlock,* 533 S.W.2d 52 (Tex.Civ.App.— Houston [14th Dist.] 1975, writ dism'd w.o. j.). We overrule appellant's first point of error.

■ Appellant contends in her second point of error that appellee was not entitled to reimbursement to his separate estate because the original community debt that was partially retired by his separate stock sale represented funds which were used for living expenses, taxes and interest. Appellant asserts that these kinds of expenditures are not reimbursable. It is immaterial how the funds obtained from the incurrence of the community debt were spent. It is clear that the community estate benefited from the use of appellee's separate property to extinguish the community debt. Appellee is therefore entitled to reimbursement from the community estate. *Brooks v. Brooks,* 612 S.W.2d 233, 238 (Tex.Civ.

App.—Waco 1981, no writ); *Bazile v. Bazile,* 465 S.W.2d 181 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ dism'd). Point of error two is overruled.

Appellant contends in her third point of error that appellee was not entitled to reimbursement because the use of appellee's stock to extinguish the community debt was a gift of his separate property to the community estate. We find that appellant has waived this contention. She never presented any pleadings or proof of her gift theory to the trial court. There is no evidence in the record that appellee intended to make a gift to the community estate through such transaction. Rather, the evidence indicates that appellee's purpose in selling his separate stock to extinguish a community debt was to minimize the tax liabilities of the community estate. Point of error three is overruled.

Appellant contends in her fourth point of error that the trial court erred in awarding appellee 12,403 shares of Hilton Hotel Corporation stock as reimbursement to his separate estate because the trial court was without authority to award community property to satisfy the reimbursement claim. Appellee properly pled and proved his reimbursement claim. The trial court thus had authority to grant judgment for the claim. In most cases the trial court will grant the party entitled to reimbursement a money judgment. Here, the trial court granted appellee judgment for 12,403 shares of Hilton stock from the community estate. Although the trial court's means of satisfying the reimbursement claim is somewhat unique, we find no legal precedent which denies the trial court's authority to use this means. Appellant is not prejudiced in any way by the trial court's decision to grant judgment in kind. If appellee had been granted a money judgment instead, appellee would have had the right to execute the judgment against the community property awarded to appellant. We hold that the trial court acted within its authority in awarding appellee judgment for the 12,403 shares of Hilton stock as reimbursement. Point of error four is overruled.

Appellant contends in her fifth point of error that appellee's reimbursement claim should have been limited to the amount of $300,000 because the Hilton stock distributed to appellee under his father's will was to have a value of $300,000. Appellant's contention is without merit. It was the value of the stock at the time the stock was sold to extinguish the community debt which set the limits of appellee's reimbursement claim. This is so because the increase in value of appellee's stock was his separate property. *Bakken v. Bakken,* 503 S.W.2d 315, 318 (Tex.Civ.App.—Dallas 1973, no writ). The stock which appellee sold to pay the community debt was sold for about $585,000. The trial court reimbursed appellee with 12,403 shares which had a value of $548,333 at the time of trial. Thus, the trial court actually awarded appellee stock with a value less than the amount of separate funds which he contributed toward the retirement of the community debt. Point of error five is overruled.

In points of error six through ten, appellant states that the findings of fact and conclusions of law on which the trial based its judgment for reimbursement to appellee were erroneous and not supported by the evidence. Appellant did not offer any argument or authority to support these points and has therefore waived them. *Ozuna v. Dyer Fruit Box Manufacturing Co.,* 606 S.W.2d 334, 337 (Tex.Civ.App.—Tyler 1980, no writ); *Burgess v. Sylvester,* 143 Tex. 25, 182 S.W.2d 358, 360 (1944). To the extent that appellant relies on her arguments made under her first five points of error, we overrule points of error six through ten, because we have rejected these arguments.

Point of error eleven contends that if we should find the trial court erred in awarding appellee equitable reimbursement, then the trial court's division of the community estate was so inequitable as to constitute an abuse of discretion. Since we have held that the trial court correctly awarded ap-

pellee 12,403 share of Hilton Corporation stock, there is no need to consider this point of error.

We affirm the judgment of the court below in all respects.