Henry P. MASSEY, Petitioner,

v.

Gayle Scott MASSEY, Respondent.

No. D–1129.

Supreme Court of Texas.

June 30, 1993.

Rehearing Overruled Sept. 29, 1993.

Henry P. Massey, pro se.

Lynn S. Kuriger, John F. Nichols, for respondent.

## OPINION

GAMMAGE, Justice.

The trial court here found both *intentional* and *negligent* infliction of emotional distress. 807 S.W.2d 391. These separate findings are each supported by evidence. Consistent with this court's recent holding in *Twyman v. Twyman,* 855 S.W.2d 619 (Tex.1993), that in a divorce proceeding a spouse may recover for intentional (but not negligent) infliction of emotional distress, we deny the application for writ of error. We disapprove the language and holding by the court of appeals that negligent infliction of emotional distress was a viable theory for recovery.

Dissenting opinion by Justice HECHT joined by Justice ENOCH.

HECHT, Justice, dissenting.

In this divorce case, Gayle Massey alleges that her husband Henry's conduct during their marriage was so outrageous that he should pay damages for the emotional distress he intentionally inflicted upon her. Henry denies the charge. The jury agreed with Gayle and awarded her $362,000 for her mental anguish and emotional distress. This Court concludes, as did the court of appeals, that there is evidence from which the jury could reasonably have found that Henry's conduct was outrageous. But neither this Court nor the court of appeals explains what exactly it is about Henry's conduct that makes it outrageous. That is supposed to be self-explanatory. In reality, the standard by which outrageousness is to be measured is the personal opinion of the person asked to decide. That is not a workable legal standard.

The court of appeals has summarized the evidence in this case. 807 S.W.2d 391, 399–400. Henry is, by his own admission, an angry, threatening individual. He is prone to explosive behavior. He often berated his wife in public and private, though he never physically abused her. In anger, Henry once threw a towel at Gayle, sprayed beer on her, screamed at her because she could not drive a boat, slammed a door so hard it gouged a hole in the wall, threw a cup of coffee at the wall, broke a nutcracker, and pulled food from the refrigerator onto the floor. Henry tightly controlled the couple's finances and strictly limited the money he allowed Gayle to spend. When he correctly suspected Gayle was having an affair, he angrily confronted her and her lover. When he feared Gayle was drinking too much, he went

through her garbage looking for evidence. When she filed for divorce, he threatened to take custody of their children and tell her friends about her affair.

It is certainly possible to view Henry's conduct as outrageous, which we have defined to mean " 'so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Twyman v. Twyman,* 855 S.W.2d 619, 621 (Tex. 1993) (citing RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)). It is also possible to view his conduct as reprehensible, demeaning and intimidating to Gayle, and destructive of their marriage—but not "outrageous". Which view is correct? The answer depends entirely upon the personal opinions of the person asked to decide. The appeals court says that the decision is for the jury. The jury is as able to decide as anyone, but what standard is it to use? None can be given them. No evidence can be offered or instruction given about what is "utterly intolerable in a civilized community." In summation at trial, counsel for both parties recited the evidence most favorable to each and simply asserted that it clearly showed, or clearly did not show, outrageousness. The only guideline to which the jury could resort was its own views of propriety.

Without standards for guidance, the jury may be incited to act out of simple dislike for the defendant. In his closing words of argument to the jury, Gayle's attorney urged them:

> Show him. Show him that you're sensitive. Show him by your verdict that you mean business. Tell this community by your verdict that we, these 12 people don't sanction this type of conduct in this county. We want to speak up for the people similarly situated as Gayle Massey and say, take notice. We're not going to sanction this type of conduct and only you people can do that. You can only do it through your verdict.

This is not a plea simply to find facts in answer to questions and instructions in the charge. This is a plea for the jury to signal its own disapproval, and that of the entire county, with Henry's conduct. Counsel's argument encouraged the jury to exceed their role as arbiters of the facts and to become moral policemen for the entire community. This, in my view, is highly improper, but it is allowed by the standardless action of intentional infliction of emotional distress. Gayle's attorney asked the jury to award $2 million in damages. They awarded only $362,000.

I know of no other cause of action so lacking in standards as intentional infliction of emotional distress. Each case that arises demonstrates the impossibility of deriving any principle or rule of law from determinations of outrageousness. This case is another such example.

ENOCH, J., joins in this Dissenting Opinion.