**Mae Vosburg JONES, Appellant,**

v.

**Phil B. JONES, Appellee.**

**No. 13–93–231–CV.**

Court of Appeals of Texas,
Corpus Christi.

Oct. 28, 1994.

Opinion Dissenting from Denial of En Banc Consideration filed Dec. 22, 1994.

472

Warren P. McKenney, San Antonio, Allan Potter, Sam Westergren, Corpus Christi, for appellant.

Robert C. Wolter, Frederick J. McCutchon, Wood, Boykin & Wolter, Corpus Christi, for appellee.

Before KENNEDY, GILBERTO HINOJOSA and YAÑEZ, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

This is an appeal from a divorce decree. By eight points of error, Mrs. Mae Jones complains about a jury's determination characterizing some portions of assets acquired during her marriage to Mr. Phil Jones as his separate property. Additionally, Mrs. Jones complains about the trial court's order that she pay $16,000 to Mr. Jones for attorney fees. We reverse and remand in part and affirm in part.

By points of error three and four, Mrs. Jones complains that no evidence exists, or alternatively insufficient evidence exists, supporting the jury's finding that portions of Treasury Notes purchased during the marriage were Mr. Jones's separate property. She complains that the sole basis of the

jury's separate property finding was a report, entered into evidence as Mr. Jones's Exhibit 16. By points one and two, Mrs. Jones contends that this report was improperly entered into evidence.

Initially, we address whether the trial court's admission of Mr. Jones's Exhibit 16 constituted reversible error. Exhibit 16 was a report filed by Mr. Van Beveren, a court appointed auditor. Mrs. Jones argues that the exhibit states the auditor's opinion about a mixed question of law and fact and is not based upon clear and convincing evidence.

The trial court appointed Jerry Van Beveren, a certified public accountant, pursuant to Texas Rule of Civil Procedure 172, to file a report to aid in characterizing the assets and liabilities of the parties as separate or community property. He filed his report approximately one year before trial. No exceptions to the report or to any item in the report were made within thirty days of the filing of the report. Tex.R.Civ.P. 172.

At trial, upon attempting to enter the report into evidence, and after the court excused the jury, Mrs. Jones objected that the report contained legal conclusions based upon erroneous legal concepts. By her objection, Mrs. Jones contended that the report failed to show that the property was separate by clear and convincing evidence. The court overruled her objection and admitted the report.

The admission of evidence is a matter within the trial court's discretion. *Tracy v. Annie's Attic, Inc.,* 840 S.W.2d 527, 531 (Tex.App.—Tyler 1992, writ denied). To obtain reversal of a judgment, based upon error in the admission or exclusion of evidence, an appellant must show that the trial court's ruling was in error and that the error was calculated to cause and probably did cause rendition of an improper judgment. Tex. R.App.P. 81(b)(1); *Boothe v. Hausler,* 766 S.W.2d 788, 789 (Tex.1989). Ordinarily, we will not find reversible error for an erroneous evidentiary ruling in a case where evidence is admitted that is cumulative and not controlling on a material issue in the case. *Gee v. Liberty Mut. Fire Ins. Co.,* 765 S.W.2d 394, 396 (Tex.1989). An improper admission

of evidence does not as a rule constitute reversible error when there is other competent evidence of the fact in question in the record. *Id.* Once finding error in admitting evidence, we must, when determining whether the admission of evidence was harmful, review the entire record. *McCraw v. Maris,* 828 S.W.2d 756, 757–58 (Tex.1992). In reviewing the record for harmfulness, we look to see whether the judgment turns on the evidence that should have been excluded. *Mancorp., Inc. v. Culpepper,* 802 S.W.2d 226, 230 (Tex.1990).

We note that the court-ordered audit report by Van Beveren was not the only evidence showing the characterization of marital property. Kathleen White, a certified public accountant, also testified extensively about the characterization of assets of the marital estate. Exhibits supporting ·her opinions were admitted as evidence without objections.

We hold that no harmful error if any was committed in admitting exhibit 16 because the report was cumulative of other unobjected to testimony and exhibits at trial. *Id.* We overrule points one and two.

By points three and four, Mrs. Jones contends that no evidence exists, or, alternatively, that the evidence is factually insufficient to support the jury's finding that $288,007 of Treasury Notes were Mr. Jones's separate property. The court asked the jury to determine the character of a $160,000, a $145,000, and a $90,000 Treasury Note. The jury found that of the $160,000 Note, $150,000 was Mr. Jones's separate property and $10,000 was community property. The jury found that of the $145,000 Note, $138,007 was Mr. Jones's separate property and $6993 was community property. Finally, the jury determined that all of the $90,000 Note was community property. Mrs. Jones contends that the tracing of the $150,000 portion of the $160,000 Note and the $138,007 portion of the $145,000 Note is inadequate to show these portions as Mr. Jones's separate property.

When we review the record following a "no evidence" point we review the evidence in the light most favorable to the jury's findings, considering only the evidence

and reasonable inferences that support the findings, and rejecting all evidence and inferences to the contrary. *Best v. Ryan Auto Group, Inc.*, 786 S.W.2d 670, 671 (Tex.1990). When we review the record following an "insufficient evidence" point we consider, weigh, and examine all of the evidence that supports and that is contrary to the jury's determination. *Plas–Tex Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 445 (Tex. 1989). Having done so, we will set aside the jury's verdict only if the evidence standing alone is so weak as to be clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

Mrs. Jones asserts that Mr. Jones executed a promissory note during the marriage with MBank Corpus Christi for $300,000, without collateral, for the purchase of the three Treasury Notes at issue. She contends that because there was no collateral and because the terms of the promissory note did not specify that the bank would look only to the separate property of Mr. Jones, that the Treasury Notes, including the $160,000 and $145,000 Notes, purchased with the funds from the promissory note should be characterized as all community property rather than having the large percentages characterized as Mr. Jones's separate property as found by the jury.

Mr. Jones responds that the jury's award is supported by the evidence. Kathleen White testified about the Treasury Notes and their origins. During the marriage, Mr. Jones applied for and was given a $300,000 promissory note for ten days at MBank Corpus Christi. The sole applicant on the note was Mr. Jones. Contrary to Mrs. Jones's contention on appeal, the record reflects that the promissory note was secured by a certificate of deposit.

Property possessed by either spouse during or on dissolution of marriage is presumed to be community property, and the party claiming it as separate has the burden to overcome this presumption by clear and convincing evidence. *Welder v. Welder*, 794 S.W.2d 420, 424 (Tex.App.—Corpus Christi 1990, no writ) (citing *Estate of Hanau v. Hanau*, 730 S.W.2d 663, 667 (Tex. 1987)); Tex.Fam.Code Ann. § 5.02 (Vernon 1993). To discharge this burden, a spouse must trace and clearly identify the property claimed as separate. If separate property and community property have become so commingled as to defy resegregation and identification, the statutory presumption prevails. Conversely, when the separate property has not been commingled or its identity can be traced, the statutory presumption is dispelled. *Id.* As long as separate property can be definitely traced and identified, it remains separate property regardless of the fact that it may undergo mutations or changes.

It is well established that debts contracted during marriage are presumed to be on the credit of the community and thus are joint community obligations, unless it is shown that the creditor agreed to look solely to the separate estate of the contracting spouse. *Cockerham v. Cockerham*, 527 S.W.2d 162, 171 (Tex.1975); *Brooks v. Sherry Lane Nat'l Bank*, 788 S.W.2d 874, 876 (Tex. App.—Dallas 1990, no writ) (citing *Wall v. Wall*, 630 S.W.2d 493, 596–97 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.)). Likewise, property purchased on credit during a marriage is community property unless there exists an express agreement on the part of the lender to look solely to the separate estate of the purchasing spouse for satisfaction of the indebtedness. *Glover v. Henry*, 749 S.W.2d 502, 503 (Tex.App.—Eastland 1988, no writ).

When establishing whether the debt incurred and the property purchased during marriage was the separate property of one of the spouses, the lender's knowledge of the spouses' intentions is of significant importance. *Welder*, 794 S.W.2d at 427. The intention of one spouse alone to repay a loan out of separate funds and then hold the property purchased with the proceeds of that loan as separate property has never been controlling. *Id.* Therefore, the intention of the lender to look solely to the property of one spouse is an evidentiary factor of prime importance in showing by clear and convincing evidence that the spouses intended to hold the property as one spouse's separate

property, especially where there is no evidence of such an agreement.

Using separate property to pay off a community debt creates a prima facie right to reimbursement. *Graham v. Graham,* 836 S.W.2d 308, 309 (Tex.App.—Texarkana 1992, no writ) (citing *Penick v. Penick,* 783 S.W.2d 194, 196 (Tex.1988)). A reimbursement claim arises when separate property is used to pay off a community debt because it may be asserted that the separate property was used to enhance the community estate. *Graham,* 836 S.W.2d at 310 (citing *Hilton v. Hilton,* 678 S.W.2d 645, 648 (Tex. App.—Houston [14th Dist.] 1984, no writ)). Reimbursement is an equitable right and its application lies within the broad discretion of the trial court. *Id.* at 309 (citing *Penick,* 783 S.W.2d at 196).

After a thorough review of the testimony and accompanying exhibits presented at trial, we find no evidence that MBank Corpus Christi agreed to look *solely* to Mr. Jones's separate property. Though the loan application reflects that a certificate of deposit was collateral for the loan, there is no indication on the loan application or on the note that MBank would limit itself to satisfying the debt by only the collateral or only the separate property of Mr. Jones. Because there is no evidence otherwise, we conclude that the $300,000 promissory note was a debt owed by the community estate. Consequently, the property purchased with the community debt, the Treasury Notes, are community property. We conclude that Mr. Jones failed to show by clear and convincing evidence that portions of the Treasury Notes were his separate property. There exists no evidence to support the jury's answer to question one that $150,000 of the $160,000 Treasury Note and $138,007 of the $145,000 Treasury Note were Mr. Jones's separate property. We sustain Mrs. Jones's third point of error.

The trial court orders a division of the estate of the parties in a manner that it deems is just and right, having due regard for both parties. Tex.Fam.Code Ann. § 3.63 (Vernon 1993). The trial court has wide discretion in dividing the estate of the parties but must confine itself to the community property. *Id.* When the trial court errs in

defining what property is properly a part of the community estate and therefore subject to division, this court must remand the entire community estate for a new division. *Jacobs v. Jacobs,* 687 S.W.2d 731, 733 (Tex.1985).

Because we have determined that the trial court erred in determining what was properly part of the community estate, we reverse the property division portion of the divorce decree to the trial court for a just and right division. *Jacobs,* 687 S.W.2d at 733.

By her eighth point of error, Mrs. Jones contends that the trial court erred in awarding attorney's fees to Mr. Jones in the amount of $16,000 because there is no "basis" in the record for such an award. We will review this point of error as a contention that no evidence exists to support the court's award of attorney's fees and that the trial court abused its discretion by awarding a portion of Mr. Jones's attorney's fees to be paid by Mrs. Jones.

In a suit for divorce the trial court may award costs to any party as it deems reasonable. *See* Tex.Fam.Code Ann. § 3.65 (Vernon 1993); *Hirczy v. Hirczy,* 838 S.W.2d 783, 786 (Tex.App.—Corpus Christi 1992, writ denied); *Gendebien v. Gendebien,* 668 S.W.2d 905, 909 (Tex.App.—Houston [1st Dist.] 1984, no writ). Mr. Jones's attorneys testified at trial about the work they performed, their fees, and that these fees were reasonable and necessary. Evidence exists to support the award of attorney's fees to Mr. Jones. We cannot say that the trial court abused its discretion by awarding Mr. Jones a portion of his attorney's fees. We overrule point eight.

Having addressed all points necessary for the disposition of this appeal, we decline to address Mrs. Jones's remaining points of error. Tex.R.App.P. 90(a). We reverse and remand the property division portion of the divorce decree for a just and right division and affirm the remainder of the trial court's judgment.

FEDERICO G. HINOJOSA, Jr., Justice, dissenting.

I respectfully dissent from the court's denial of appellee's motion for *en banc* consid-

eration. I would grant the motion because I believe that the panel has applied the wrong standard of review in arriving at its conclusion that no evidence supports the jury's finding that portions of Treasury Notes purchased during marriage were Mr. Jones' separate property.

The panel's opinion correctly states that when an appellate court reviews a legal sufficiency or "no evidence" point of error, it considers only the evidence and reasonable inferences that tend to support the jury's findings and disregards all evidence and inferences to the contrary. *Havner v. E–Z Mart Stores, Inc.,* 825 S.W.2d 456, 458 (Tex. 1992); *Responsive Terminal Sys. Inc. v. Boy Scouts of Am.,* 774 S.W.2d 666, 668 (Tex. 1989); *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634–35 (Tex.1986). The panel then neglects to follow the rule that if there is *any* evidence of probative force to support the finding of the jury, a "no evidence" point must be overruled. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *see also Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex.1989); *Holley v. Watts,* 629 S.W.2d 694, 696 (Tex.1982). The panel considers the existing evidence, determines that it is not "clear and convincing" to sufficiently overcome the presumption of community property, and then summarily concludes that there is no evidence to support the jury finding.

Because the wrong standard of review is used, the panel determines that direct evidence beyond the language of the loan documents is necessary to prove the bank's agreement concerning repayment. The panel's opinion states:

> the intention of the lender to look solely to the property of one spouse is an evidentiary factor of prime importance in showing by clear and convincing evidence that the spouses intended to hold the property as one spouse's separate property, especially where there is no evidence of such an agreement.

The panel would require some "evidence otherwise" of MBank's intent "to limit itself to satisfying the debt by only the collateral or only the separate property of Mr. Jones." The panel, by concluding that Mr. Jones failed to show by clear and convincing evidence that portions of the Treasury Notes were his separate property, effectively steps into the shoes of the jury and judges the weight and credibility of the evidence; a role beyond the province of this court. Additionally, the panel assumes that such evidence of the parties' intent is admissible without limitation, an assumption not always viable under the parol evidence rule. The nature of the bank's agreement with Mr. Jones is surmised through the unambiguous language of the promissory note, the contents of which cannot be supplemented or varied by parol evidence to prove the intent of the parties without some showing of fraud, mistake, or accident. *See Lindsay v. Clayman,* 151 Tex. 593, 254 S.W.2d 777, 780 (Tex.1952); *Massey v. Massey,* 807 S.W.2d 391, 405 (Tex.App.— Houston [1st Dist.] 1991), *writ denied,* 867 S.W.2d 766 (Tex.1993). Only if the intention of the parties as expressed on the face of the document is doubtful may the court resort to parol evidence to resolve the doubt. *Id.* (citing *Miller v. Miller,* 700 S.W.2d 941, 951 (Tex.App.—Dallas 1985, writ ref'd n.r.e.)). *Cf. Broussard v. Tian,* 156 Tex. 371, 295 S.W.2d 405, 406–407 (1956) (note contained no recital dealing with source of consideration; no ruling as to admissibility of parol evidence to show lender's intent to rely on separate source of payment).

The panel determines that the evidence is not "clear and convincing" to sufficiently overcome the presumption of community property even though the promissory note was secured by the certificate of deposit and expert testimony characterized the asset and liability as separate property. The panel refuses to consider the evidence that the bank took the certificate of deposit in full payment of the debt and concludes that there is no evidence to support the jury's findings.

I would hold that the record contains some evidence which, when viewed in a light most favorable to the verdict, supports the jury's finding that the bank looked to Mr. Jones' separate property for primary liability on the note. Finding some evidence of probative force to support the finding of the jury, I would overrule appellant's "no evidence" point of error.

I would also grant appellee's motion for *en banc* consideration because I believe that appellant's factual sufficiency challenge has no support in the record. When we review a factual sufficiency or "insufficient evidence" point of error, we look at all of the evidence both in favor of and against the jury's determination. *Plas–Tex Inc. v. United States Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989). We review the evidence, keeping in mind that it is within the jury's role, not ours, to judge the credibility of the evidence, to assign the weight to be given to the testimony, and to resolve any inconsistencies within or conflicts among the witnesses' testimony. *Corpus Christi Teachers Credit Union v. Hernandez,* 814 S.W.2d 195, 197 (Tex.App.— San Antonio 1991, no writ) (citations omitted). Having done so, we will set aside the verdict only if the evidence standing alone is too weak to support the finding, or the answer is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965); *In re King's Estate,* 244 S.W.2d at 661.

The panel fails to identify the "overwhelming weight" of evidence which unjustly controverts the jury's finding. The record reveals that the expert witness testimony went uncontroverted, and that appellant offered nothing in its case-in-chief to show that the Treasury Notes should be characterized as all community property.

I would hold that the evidence standing alone is not too weak to support the finding and that the jury's answer is not so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. Accordingly, I would overrule appellant's "insufficient evidence" point of error.

YAÑEZ, J., joins in the dissent.