TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00334-CV






David Brian Keep, Appellant




v.




Kathryn Elizabeth Keep, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY


NO. 96-1004-FC2, HONORABLE ROBERT MORSE, JUDGE PRESIDING







 This is an appeal from the division of property incident to a dissolution of marriage. 
In seven issues, appellant David Brian Keep challenges the trial court's division of the marital
estate, award of child support, and award of attorney's fees. We will affirm in part and reverse
and render in part.


BACKGROUND


 David and Kathryn Keep were married on September 28, 1991. A son was born
on October 27, 1993. David and Kathryn separated in July 1996, and Kathryn filed for divorce
on July 19, 1996. In a bifurcated trial, the child custody issue was tried before a jury in August
1997. The jury appointed appellee Kathryn Elizabeth Keep sole managing conservator of the
Keeps' only child. The division of property, possession schedule, and child custody payments
were later tried before the trial court in December 1997 and January 1998. On March 3, 1998,
the trial court signed a Final Decree of Divorce.

 On April 4, 1998, David Keep filed a motion for new trial and a motion to suspend
his child support payments pending appeal. Following a hearing in which David Keep testified
that he was unable to pay the $3,000 per month in child support awarded to Kathryn Keep in the
divorce decree because he had lost his job and was collecting unemployment, the trial court denied
his motion to abate or reduce his child support payments. The motion for new trial was overruled
by operation of law on May 18, 1998.

 On May 28, 1998, David Keep filed a notice of appeal challenging the trial court's 
March 3, 1998 Final Decree of Divorce. In six issues, Mr. Keep complains about the trial court's
determination characterizing Mrs. Keep's workers' compensation settlement as her separate
property, characterizing property acquired by Mr. Keep prior to marriage as community property, 
and awarding reimbursement of community funds expended on his separate property without 
proof of enhancement. In addition, David Keep complains about the trial court's order that he pay
$ 3,000 per month in child support and that he pay Mrs. Keep $51,552 in attorney's fees for the
divorce proceedings and $5,000 for an appeal without proof of reasonable attorney's fees. (1)


DISCUSSION


Workers' Compensation Benefits

 In his first two issues, David Keep contends that the trial court erred in
characterizing Kathryn Keep's workers' compensation settlement as separate property and in
awarding her reimbursement for community expenses paid from the proceeds of the settlement. 
Kathryn Keep sustained her injuries while the Keeps were married and still living together;
however, she did not receive her settlement until after the couple had separated but before they
were divorced. Mrs. Keep argued before the trial court that because injury and settlement
occurred in California, California law should apply to the trial court's characterization of her
workers' compensation settlement. Under California law, workers' compensation settlements
awarded after a couple is separated and the divorce petition has been filed is separate property. 
See In re Marriage of McDonald, 52 Cal. App. 3d 509, 513, 125 Cal. Rptr. 160, 162 (Ct. App.
1975).

 Under Texas law, separate property includes "the recovery for personal injuries
sustained by the spouse during marriage, except any recovery for loss of earning capacity during
marriage." Tex. Fam. Code Ann. § 3.001(3) (West 1998). In its findings of fact and conclusions
of law, the trial court simply characterized Kathryn Keep's workers' compensation settlement as 
her separate property. The court provided no further explanation or application of law, whether
from Texas or California. We conclude, however, that whether we apply California or Texas law,
Mrs. Keep's workers' compensation settlement is her separate property.

 Kathryn Keep presented evidence at trial in the form of depositions on written
questions of two California attorneys showing that no portion of her workers' compensation
settlement included a recovery for lost wages or loss of earning capacity. Mrs. Keep has
demonstrated by clear and convincing evidence that her workers' compensation benefits do not
include any recovery for loss of earning capacity. (2) Accordingly, she is also entitled to
reimbursement for community expenses paid from the proceeds of the workers' compensation
settlement. (3) The contentions raised in issues one and two are overruled.


Plano, Texas, Property

 In his third issue, David Keep contends that the trial court erred in awarding his
wife 50% of his house in Plano, Texas, because it was purchased as his separate property prior
to their marriage. (4) Property possessed by either spouse during or on dissolution of marriage is
presumed to be community property, and the party challenging the presumption must trace and
demonstrate by clear and convincing evidence that the property is separate. See Tex. Fam. Code 
Ann. § 3.003 (West 1998). Clear and convincing evidence is the degree of proof that will produce
in the mind of the trier of fact a firm belief or conviction about the allegations sought to be
established. See id. § 101.007 (West 1996). Tracing involves establishing the origin of the
property through evidence showing how the spouse claiming the asset as separate property
obtained possession of the property. See Hilliard v. Hilliard, 725 S.W.2d 722, 723 (Tex.
App.--Dallas 1985, no writ). In reviewing the division of marital property, we note the trial court
exercises wide discretion in dividing the estate of the parties. See Jacobs v. Jacobs, 687 S.W.2d
731, 733 (Tex. 1985). However, only community property is subject to division; the trial court
cannot divest a spouse of separate property. See id.

 At trial, Kathryn Keep testified that the Plano house was purchased when she and
David Keep were engaged and that only his name was on the deed. In addition, Mrs. Keep offered
evidence of her reimbursement claim on the Plano house. Based on this evidence, we conclude
that the trial court abused its discretion in awarding Kathryn Keep a 50% interest in the Plano
house. Having been purchased by David Keep prior to his marriage to Kathryn Keep, the Plano
house was not subject to division. See Wilkerson v. Wilkerson, 992 S.W.2d 719, 722-23 (Tex.
App.--Austin 1999, no pet.). Accordingly, the contention raised in issue three is sustained.

Proof of Enhancement

 In issue four, David Keep contends that the trial court erred in awarding Mrs. Keep
reimbursement for community funds expended on his properties in Dover, New York, and Plano,
Texas, and the time-share in Shawnee. Specifically, he contends Mrs. Keep did not prove that the
separate properties were enhanced in value as a result of the expenditure of community funds. 
"The right of an estate to reimbursement from another estate is an equitable right and should be
determined by equitable principles." Dakan v. Dakan, 83 S.W.2d 620, 627 (Tex. 1935). Great
latitude must be given the trial court in applying equitable principles to value a claim for
reimbursement; the discretion to be exercised in evaluating a claim for reimbursement is equally
as broad as that discretion subsequently exercised by the trial court in making a "just and right"
division of the community property. Penick v. Penick, 783 S.W.2d 194, 198 (Tex. 1988).

 "[A] claim for reimbursement for funds expended by an estate for improvements 
to another estate is to be measured by the enhancement in value to the benefitted estate." 
Anderson v. Gilliland, 684 S.W.2d 673, 675 (Tex. 1985). This measurement is to be applied
whether the claim for reimbursement is based on funds expended for payment of a purchase-money
debt or for a capital improvement to another estate. Penick, 783 S.W.2d at 197. The party
claiming the right of reimbursement has the burden of proof. Jensen v. Jensen, 665 S.W.2d 107,
110 (Tex. 1984); Vallone v. Vallone, 644 S.W.2d 455, 459 (Tex. 1982).

 In the instant case, the trial court awarded Kathryn Keep reimbursement for the
community funds expended on the following three properties:


 One-half of the funds expended on the Dover, NY Property, for which
PETITIONER is awarded $18,666.21, and for which let judgment issue;


 One-half of the funds expended on the Plano, TX property for which
PETITIONER is awarded $26,943.65, as for which let judgment issue;


 One-half of the funds expended on the Shawnee Time Share for which
PETITIONER is awarded $1,363.96, and for which let judgment issue.


However, the trial court did not address the issue of Mrs. Keep's reimbursement claims in its
findings of fact and conclusions of law. In addition, our review of the evidence reveals that Mrs.
Keep failed to present evidence to show that the community funds expended on these three
properties enhanced their value.

 Kathryn Keep presented documentary evidence in the form of checks and invoices
representing the total funds expended on each of the three properties. She further testified that the
funds covered a variety of expenses, including taxes, mortgage payments, and improvements on
the Plano house; utilities, insurance, taxes, and pet sitting on the New York house; and
maintenance fees on the Shawnee time share. Mrs. Keep did not testify or present other evidence
of the enhanced value of any of the three properties resulting from the community expenditures,
nor did she show what portion of the mortgage payments made on the Plano property went to
reduce the principal balance of the purchase-money debt. Therefore, she has not met her burden
of proving her reimbursement claim on any of the three properties. We sustain the contentions
raised in David Keep's fourth issue.


Child Support

 In his fifth issue, David Keep asserts that the trial court erred by exceeding the
presumptive guidelines for awarding child support for his son. He contends that under the
guidelines he is obligated only to pay $1,050 per month in child support. He argues that the trial
court erroneously awarded Mrs. Keep $3,000 per month without findings based on the proven
needs of the child.

 A trial court has broad discretion in determining the amount of child support and
whether the movant has met her burden of proof. See Hammond v. Hammond, 898 S.W.2d 406,
407 (Tex. App.--Fort Worth 1995, no writ). These determinations will not be overruled on
appeal unless appellant shows a clear abuse of discretion. See id. "An abuse of discretion occurs
when the trial court acts without reference to any guiding rules or principles; in other words, if
the act was arbitrary or unreasonable." Id. The appellate court may not substitute its judgment
for that of the trial court, even if it would have reached a different result. See Beaumont Bank,
N.A. v. Buller, 806 S.W.2d 223 (Tex. 1991).

 If the obligor's net resources exceed $6,000 per month, the trial court must apply
the presumptive guidelines provided in section 154.125 of the Texas Family Code. Without
further reference to the percentage recommended by these guidelines, however, "the court may
order additional amounts of child support as appropriate, depending on the income of the parties
and the proven needs of the child." Tex. Fam. Code Ann. § 154.126(a) (West 1996). In its
findings of fact and conclusions of law, the trial court determined that David Keep's net resources
exceeded $15,000 per month. The court further found that, applying the guidelines of section
154.125 to the first $6,000 of David Keep's net resources, Mr. Keep was obligated to pay $1,050
per month in child support. However, the court ordered an increase to $3,000 per month based
on the following reasons:


the age of the child; the managing conservator's lack of education and training; the
longstanding health problems of the managing conservator; the managing
conservator's low income earnings potential[;] the possessory conservator's
financial resources, including interest in several pieces of real estate; the
possessory conservator's college education, military and sales experience, and
proven earning ability.


David Keep contests the award of child support beyond the $1,050 threshold. By law, an award
in excess of the presumptive award must be based on the unmet needs of the child only. See
Rodriguez v. Rodriguez, 860 S.W.2d 414, 417 (Tex. 1993). The needs of the child, however, are
not limited to "the bare necessities of life." Id. at 417 n.3; Thomas v. Thomas, 895 S.W.2d 895,
896 (Tex. App.--Waco 1995, writ denied). Rather, it is an ambiguous term that has never been
defined by the Family Code; consequentially, it has been left for the courts to determine in their
discretion on a case-by-case basis.

 Given the broad discretion granted trial courts to determine the needs of the child,
we cannot conclude that the court in the instant case abused its discretion in setting the support
order at $3,000. The testimonial evidence on the current expenses for Kathryn Keep and her son
amounted to $6,400. The items listed by Mrs. Keep included rent, home maintenance, utilities,
groceries, and insurance. Also included were items such as medical expenses, child care and
education, entertainment, gifts, and clothing and haircuts. See Thomas, 895 S.W.2d at 897 (court
modified support where movant introduced household budget based on expenses for prior year as
evidence of increased needs). The trial court is allowed to allocate the support of the child
between parents based on income and the circumstances of the parties. See Tex. Fam. Code Ann.
§ 154.126(b); Zajac v. Penkava, 924 S.W.2d 405, 409 (Tex. App.--San Antonio 1996, no writ). 
We conclude that the trial court acted pursuant to guiding rules and principles and that there was
sufficient evidence in the record to support his action. No abuse of discretion has been shown. 
Therefore, the contention raised in issue five is overruled.


Attorney's Fees

 In issue six, David Keep contends that the trial court erred in awarding Kathryn
Keep attorney's fees at the trial level without proper evidence of the time her counsel spent in
preparation of the case. In addition, he argues that her counsel failed to present sufficient evidence
to warrant an award for attorney's fees on appeal. In a suit for divorce the trial court may award
costs to any party as it deems reasonable. See Tex. Fam. Code Ann. § 9.014 (West 1998); Jones
v. Jones, 890 S.W.2d 471, 476 (Tex. App.--Corpus Christi 1994, writ denied); Gendebien v.
Gendebien, 668 S.W.2d 905, 909 (Tex. App.--Houston [1st Dist.] 1984, no writ). Mrs. Keep's
attorney testified at trial about the work she performed, her hourly fee, and that her fees were
reasonable and necessary. Evidence exists to support the award of attorney's fees to Mrs. Keep
at the trial level. Therefore, we cannot say that the trial court abused its discretion by awarding
Mrs. Keep her attorney's fees at the trial level.

 However, we cannot conclude that sufficient evidence was presented to warrant an
award of attorney's fees on appeal. The trial court awarded Kathryn Keep $5,000 for an appeal
to this Court. However, we have not received a brief from Mrs. Keep in this appeal. Because
her counsel has not earned any fees with regard to Mr. Keep's appeal, we will modify the divorce
decree to exclude the $5,000 fee awarded to Mrs. Keep for an appeal to this Court. Therefore,
we sustain in part and overrule in part the contentions raised in issue six.


CONCLUSION


 We reverse the portion of the decree awarding Mrs. Keep one-half interest in the
Plano, Texas, property and render judgment confirming the Plano, Texas, property as David
Keep's sole and separate property. We reverse the portion of the decree awarding Mrs. Keep
reimbursement for expenditures related to the three separate properties and render judgment that
no reimbursement be awarded Mrs. Keep on those properties. We reverse the portion of the
divorce decree that awards $5,000 in attorney's fees to Kathryn Keep's counsel for an appeal to
this Court and render judgment that no attorney's fees be awarded for such an appeal. As so
modified, we affirm the remainder of the decree.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed in Part; Reversed and Rendered in Part

Filed: August 12, 1999

Do Not Publish

1. Mr. Keep also raises a seventh issue challenging the trial court's orders suspending his
possession of, and access to, his child without proper notice and opportunity to be heard. Because 
these orders were signed after the divorce decree and the notice of appeal only appeals the divorce
decree, this issue is not properly before this Court. Accordingly, we will not address the merits
of issue seven. 
2. In his brief, David Keep cites to the deposition testimony of Kenneth Lee Rosen, one of the
California attorneys who testified on behalf of Mrs. Keep, as evidence that the workers'
compensation settlement may have included lost wages or compensation for medical benefits
already paid out of community funds. We conclude, however, that his testimony does not make
such a showing. Mr. Rosen first testifies generally as to what such a settlement may include; he
does not testify that Mrs. Keep's settlement included lost wages or reimbursement for prior
medical treatment paid from community funds. Instead, he specifically states that "[n]o portion
of Kathryn Keep's settlement is compensation for lost wages, whatsoever, either during the time
she was out of work or after." 
3. David Keep also argues that Kathryn Keep's testimony was contradictory in tracing her
settlement funds to community expenses for her reimbursement claim. Great latitude is given to
the trial court in applying equitable principles to value a claim for reimbursement. See Penick v.
Penick, 783 S.W.2d 194, 198 (Tex. 1988). We conclude that the trial court did not abuse its
discretion in valuing Mrs. Keep's reimbursement claim on her workers' compensation settlement. 

4. David Keep further notes that even if the Plano, Texas, house was properly characterized
as community property, the trial court erred in awarding Mrs. Keep reimbursement for one-half
the funds expended on the house during the marriage.


t her counsel failed to present sufficient evidence
to warrant an award for attorney's fees on appeal. In a suit for divorce the trial court may award
costs to any party as it deems reasonable. See Tex. Fam. Code Ann. § 9.014 (West 1998); Jones
v. Jones, 890 S.W.2d 471, 476 (Tex. App.--Corpus Christi 1994, writ denied); Gendebien v.
Gendebien, 668 S.W.2d 905, 909 (Tex. App.--Houston [1st Dist.] 1984, no writ). Mrs. Keep's
attorney testified at trial about the work she performed, her hourly fee, and that her fees were
reasonable and necessary. Evidence exists to support the award of attorney's fees to Mrs. Keep
at the trial level. Therefore, we cannot say that the trial court abused its discretion by awarding
Mrs. Keep her attorney's fees at the trial level.

 However, we cannot conclude that sufficient evidence was presented to warrant an
award of attorney's fees on appeal. The trial court awarded Kathryn Keep $5,000 for an appeal
to this Court. However, we have not received a brief from Mrs. Keep in this appeal. Because
her counsel has not earned any fees with regard to Mr. Keep's appeal, we will modify the divorce
decree to exclude the $5,000 fee awarded to Mrs. Keep for an appeal to this Court. Therefore,
we sustain in part and overrule in part the contentions raised in issue six.


CONCLUSION


 We reverse the portion of the decree awarding Mrs. Keep one-half interest in the
Plano, Texas, property and render judgment confirming the Plano, Texas, property as David
Keep's sole and separate property. We reverse the portion of the decree awarding Mrs. Keep
reimbursement for expenditures related to the three separate properties and render judgment that
no reimbursement be awarded Mrs. Keep on those properties. We reverse the portion of the
divorce decree that awards $5,000 in attorney's fees to Kathryn Keep's counsel for an appeal to
this Court and render judgment that no attorney's fees be awarded for such an appeal. As so
modified, we affirm the remainder of the decree.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed in Part; Reversed and Rendered in Part

Filed: August 12, 1999

Do Not Publish

1. Mr. Keep also raises a seventh issue challenging the trial court's orders suspending his
possession of, and access to, his child without proper notice and opportunity to be heard. Because 
these orders were signed after the divorce decree and the notice of appeal only appeals the divorce
decree, th