**Merlin Wayne STANDARD, Appellant,**

v.

**Richard BLEDSOE and Linda Bledsoe, Appellees.**

No. 8959.

Court of Appeals of Texas, Texarkana.

March 9, 1982.

Rick Rogers, Hall & Rogers, Texarkana, for appellant.

Jay D. Ransom, Atlanta, for appellees.

CORNELIUS, Chief Justice.

Merlin Wayne Standard, a resident of the State of Louisiana, petitioned the District Court of Cass County, Texas, to terminate the parent-child relationship existing between his alleged common-law wife, Terry Mae Bledsoe, and her child, Richard Dwayne Standard. The petition alleged that Standard was the child's natural father and that in May of 1979 Ms. Bledsoe took the child to Kildare, Texas, and left him with her brother and sister-in-law, Richard and Linda Renee Bledsoe. It was also alleged that Ms. Bledsoe had abandoned the child and that her present whereabouts were unknown. On October 26, 1979, Richard and Linda Renee Bledsoe petitioned the District Court of Cass County to adopt the child and to terminate the parental rights of both Terry Bledsoe and Merlin Wayne Standard. Terry Bledsoe initially consented to the adoption and signed an affidavit relinquishing her parental rights. She executed a second affidavit in which she said that Merlin Wayne Standard could not be the biological father of the child and that the natural father was Jackie Lynn Fowler who was deceased. Standard opposed the adoption, and by writ of habeas corpus petitioned the district court for the return of the child. A hearing was held on the adoption petition on December 17, 1979. Prior to that time Terry Bledsoe executed another affidavit in which she stated that Merlin Wayne Standard was the biological father of Richard Dwayne Standard and that she and Standard were common-law husband and wife. At the hearing on December 17 the trial court terminated Terry Bledsoe's parental rights, but withheld action on the petition for adoption until a later time. The final hearing was held on August 27, 1980. At that time Terry Bledsoe testified that the affidavit in which she stated that Merlin Wayne Standard was the father of the child and that she and Merlin Wayne Standard had established a common-law marriage was not true and had been executed under duress. After hearing evidence the trial court found that no common-law marriage had ever existed between Merlin Wayne Standard and Terry Bledsoe, and that Standard therefore had no parental rights. The decree further held that if Standard had any rights they were terminated pursuant to Tex.Fam.Code Ann. § 15.02(1)(D), (E) (Vernon Supp.1982),[1] and granted the Bledsoes' petition for adoption of Richard Dwayne Standard. An attorney ad litem fee of $450.00 was assessed against Merlin Wayne Standard.

Mr. Standard contends on appeal that his common-law marriage to Terry Bledsoe was

---

1. Tex.Fam.Code Ann. § 15.02(1)(D), (E) (Vernon Supp. 1982) provides:
   "A petition requesting termination of the parent-child relationship with respect to a parent who is not the petitioner may be granted if the court finds that:
   (1) the parent has:

   .    .    .    .    .

   (D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; or
   (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; or
   . . ."

established conclusively and therefore the trial court erred in finding he had no parental rights and further that the trial court's termination of any parental rights he may have had was not supported by clear and convincing evidence as required by Texas law. He also asserts that it was error for the court to charge him with the attorney ad litem fee.

 We find sufficient evidence in the record to support the court's finding that no common-law marriage existed. To establish a valid common-law marriage it must be shown that a declaration of marriage has been executed, or that the parties agreed to be married and thereafter lived together in this State as husband and wife and represented to others that they were married. Tex.Fam.Code Ann. § 1.91 (Vernon 1975). There was some evidence that Merlin Wayne Standard and Terry Bledsoe held themselves out as husband and wife while they were living together in Louisiana, but there is also evidence that they did not do so. In addition, it was not shown that they agreed to be married, and then lived together pursuant to that agreement and represented that they were married. In fact, Mr. Standard testified that they intended to get married sometime, but changed their minds and did not do so.

 We agree with appellant's argument that it would not be necessary for the parties to have lived together in Texas, rather than in Louisiana, to establish the relationship, if the other necessary elements of common-law marriage existed. There was no motion under Rule 184a, Tex.R.Civ.P., to take judicial notice of the law of Louisiana, and in such a case the Louisiana law is presumed to be the same as the Texas law for the purposes of the action. In that situation the statutory requirement that the parties live together "in this State" would mean in the State of Louisiana. If the rule were otherwise, it would be impossible to establish a common-law marriage outside the State of Texas which would be recognizable as valid in Texas. The point is not dispositive, however, as we find sufficient evidence to support the conclusion that there was no agreement to marry.

 We agree with appellant that it was error to order him to pay the attorney ad litem fee. Tex.Fam.Code Ann. § 11.10 (Vernon Supp. 1982) provides that the fee shall be paid by the parents of the child unless they are indigent. Mr. Standard was never married to the child's mother and he has not otherwise established parentage or legitimated the child. Thus, he is not a parent in the contemplation of the statute. The ad litem fee should have been assessed against the child's mother, Terry Mae Bledsoe. Although she had her parental rights terminated in these proceedings, she is the parent in contemplation of the statute. To hold that a parent whose parental rights are terminated is not a parent for the purposes of Section 11.10 would render the statute meaningless, because the statute is specifically applicable to proceedings in which parental rights may be terminated.

For the reasons stated, the judgment of the ·trial court will be reformed to provide that Terry Mae Bledsoe is ordered to pay the attorney ad litem fee. Except as the judgment is reformed, it is in all things affirmed.

BLEIL, J., not participating.