**Wolfgang Peter HIRCZY, Appellant,**

v.

**Mary Louise HIRCZY, Appellee.**

**No. 13–91–424–CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1992.

Rehearing Overruled Oct. 8, 1992.

Gae C. Preston, Clyde Leuchtag, Baker & Botts, Houston, for appellant.

Carol J. Kent, Houston, for appellee.

Before FEDERICO G. HINOJOSA, Jr., DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

Wolfgang Hirczy appeals from a divorce decree. By eight points of error, he challenges the constitutionality of TEX.FAM. CODE ANN. § 12.06 (Vernon Supp.1992), complains that the trial court erred by not finding appellee equitably estopped from denying his paternity of the child, claims the evidence was insufficient for the trial court to deny him possessory conservatorship, and contends the trial court abused its discretion in awarding attorney fees and costs. We affirm the trial court's judgment.

Wolfgang Hirczy married Mary Hirczy on December 14, 1985, and Mary Hirczy gave birth to Alexander Hirczy on April 9, 1986. Wolfgang Hirczy is not Alexander's biological father. The Hirczys separated in February 1989. Mrs. Hirczy began residing with Donald Moser in September 1989, and Mr. Hirczy filed for divorce on October 17, 1989. Mary Hirczy subsequently alleged that Sammy Salomeh was Alexander's biological father, denied that Mr.

Hirczy was the child's biological father, and requested that Mr. Hirczy undergo paternity testing to establish that he was not the child's biological father.[1] Due partly to Mr. Salomeh's absence, the trial court found paternity testing not to be in the best interest of the child and denied Mrs. Hirczy's motion on June 4, 1990.

On January 8, 1991, Mr. Hirczy amended his petition and requested paternity testing of Mr. Salomeh. Blood tests proved that neither Mr. Hirczy nor Mr. Salomeh was the biological father of the child. By this time, Mrs. Hirczy had given birth to another son, Aaron Moser. Mrs. Hirczy then alleged that Edward Becker was Alexander's biological father. The parties went to trial before the court on March 25, 1991, stipulating that Mr. Hirczy was not Alexander's biological father. Edward Becker did not file an answer in this suit. The trial court found him to be Alexander's biological father and then terminated the parent-child relationship between him and the child. The trial court granted the divorce, found Donald Moser to be Aaron's father, named Mrs. Hirczy sole managing conservator of Alexander Hirczy and Aaron Moser, named Donald Moser possessory conservator of Aaron, and named no possessory conservator of Alexander.

■ By his second point of error, Mr. Hirczy complains that the trial court erred in not finding that Mrs. Hirczy was equitably estopped from denying his paternity of Alexander. Mr. Hirczy did not raise this argument at trial, and, therefore, did not preserve this point for review. TEX. R.APP.P. 52(a). We overrule appellant's second point of error.

■ By his third, fourth, fifth and sixth points of error, Mr. Hirczy challenges the constitutionality of TEX.FAM.CODE ANN. § 12.06.

■ A party who participates in a proceeding without challenging its constitutionality may waive his right to question that proceeding. *Mercer v. Phillips Natural Gas Co.,* 746 S.W.2d 933, 936 (Tex.

App.—Austin 1988, writ denied). A litigant who challenges the constitutionality of the statute that authorized the cause of action raises an affirmative defense, which must be pleaded. *Leckey v. Warren,* 635 S.W.2d 752, 753 (Tex.App.—Corpus Christi 1982, no writ); *U.S. Reading Lab v. Brockette,* 551 S.W.2d 531, 532–33 (Tex.Civ.App.—Austin 1977, no writ). Mr. Hirczy neither pleaded nor argued to the trial court that TEX.FAM.CODE ANN. § 12.06 was unconstitutional. We overrule points of error three, four, five and six.

■ By his first point of error, Mr. Hirczy challenges the sufficiency of the evidence supporting the trial court's decision not to appoint him Alexander's possessory conservator. He argues that the trial court failed to find that it was in the best interest of the child not to appoint him a possessory conservator.

■ The best interest of the child shall always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to a child. TEX.FAM. CODE ANN. § 14.07(a) (Vernon Supp.1992). Trial courts have wide discretion in determining what is in the best interest of the child. *Weimer v. Weimer,* 788 S.W.2d 647, 650 (Tex.App.—Corpus Christi 1990, no writ). The trial court's judgment regarding what serves the best interest of the children with regard to child support and visitation, specifically the establishment of terms and conditions of the conservatorship, is a discretionary function of the trial court and will only be reversed upon a determination that the trial court has abused its discretion. *MacCallum v. Mac-Callum,* 801 S.W.2d 579, 582 (Tex.App.—Corpus Christi 1990, writ denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

---

1. The procedural history of this case is rather murky. The docket sheet contains cryptic, scrawled abbreviations, appellant brought forward a limited record, and both parties provide very incomplete statements of the case's history. Our statement includes only those dates and decisions that are clear from the record or stand unchallenged. TEX.R.APP.P. 74(f).

■ The trial court did not file findings of fact in this case, ruling that Mr. Hirczy's request was not timely. Mr. Hirczy raises no point of error regarding this ruling. When an appellant does not properly request findings of fact and the trial court files none, we infer that the trial court made all the necessary findings of fact to support its judgment. *Thompson v. Thompson*, 827 S.W.2d 563, 567 (Tex. App.—Corpus Christi 1992, writ pending); *Saldana v. Saldana*, 791 S.W.2d 316, 319 (Tex.App.—Corpus Christi 1990, no writ).

■ The trial court ordered blood tests and found that Mr. Hirczy was not Alexander's biological father. He is, therefore, not entitled to any statutory rights to possess the child under TEX.FAM.CODE ANN. § 14.03(d) (Vernon Supp.1992). He was, however, entitled to file suit and ask for possessory conservatorship before the paternity presumption was destroyed. TEX. FAM.CODE ANN. § 11.03(a)(1). If the trial court found that he had substantial past contact with the child, then Mr. Hirczy was entitled to maintain his request for possessory conservatorship despite having lost the paternity issue. TEX.FAM.CODE ANN. § 11.03(c). Regardless of Mr. Hirczy's relationship with the child, the trial court must primarily consider the best interest of the child in determining questions of possession. TEX.FAM.CODE ANN. § 14.07(a).

The trial court heard evidence concerning Alexander's desire to enter the Moser family and his confusion over the identity of his father. A child psychologist testified that children who lose contact with parent figures often become insecure and have problems coping with crises later on in life. She also testified that stabilizing a child's family situation, one way or another, is in the best interest of a child who is confused about his family situation. She said, "This is the time to stabilize the situation; get out who needs to be out, get in who's going to be in and leave it at that." She also testified that a child's demonstrating a bond with one father-figure over the other is significant. Mrs. Hirczy's mother, called as a witness by Mr. Hirczy and giving testimony generally favorable to him, testified that Alexander thinks Donald Moser is his father and is closer to Mr. Moser. Mrs.

Hirczy testified that she and Mr. Moser were going to marry and that Mr. Moser wanted to adopt Alexander.

Applying the standard of review appropriate to cases where findings of fact are not filed, we infer that the trial court found that Alexander's best interest was served by not appointing Mr. Hirczy as a possessory conservator. Sufficient evidence supports this finding. Therefore, we cannot say that the trial court's decision not to appoint Mr. Hirczy as a possessory conservator was an abuse of discretion. We overrule Mr. Hirczy's first point of error.

■ By his seventh point of error, Mr. Hirczy complains that the trial court abused its discretion by awarding Mrs. Hirczy her attorney's fees and costs of the blood tests. The trial court awarded Mrs. Hirczy $3,777.50 plus post-judgment interest at 10% per annum.

■ In a suit for divorce, the court may award costs to any party as it deems reasonable. TEX.FAM.CODE ANN. § 3.65. The award of costs in a suit for divorce is a matter within the discretion of the trial court. *Mann v. Mann*, 607 S.W.2d 243, 245 (Tex.1980). The successful party to a suit shall recover of his adversary all costs incurred in the suit. TEX.R.APP.P. 131. The trial court has discretion to tax reasonable attorney's fees as costs in divorce cases, if the awarded party pleaded for them, the parties tried the issue by consent, or the losing party waived the issue. *MacCallum v. MacCallum*, 801 S.W.2d 579, 587 (Tex.App.—Corpus Christi 1990, writ denied). Mrs. Hirczy pleaded for attorney's fees and the trial court heard evidence concerning the number of hours her attorney spent and her hourly rate. The trial court also heard evidence that appellant contested facts he knew were true, thereby increasing costs and lengthening the proceedings. Finally, the trial court heard evidence concerning the cost of the blood tests. We cannot say that the trial court abused its discretion by awarding Mrs. Hirczy her attorney's fees and costs. We overrule appellant's seventh point of error.

By his eighth point of error, Mr. Hirczy complains that the trial court abused its discretion by awarding the guardian ad litem grossly excessive fees and taxing them against him. The trial court awarded the guardian ad litem a fee of $4,250, taxed equally against Mr. Hirczy and Mrs. Hirczy. After denying Mr. Hirczy's motion for new trial, the court awarded the guardian ad litem an additional fee of $750, to be paid by Mr. Hirczy, "for the preparation of the Response to Motion for New Trial and appearance in Court for the Motion for New Trial." The court also awarded the guardian ad litem an additional fee of $3,000, to be paid by Mr. Hirczy, should he appeal.

The trial court shall award a reasonable fee to a guardian ad litem appointed to represent a child in a suit affecting the parent-child relationship. TEX.FAM. CODE ANN. § 11.10(e) (Vernon 1986). The parents of the child shall pay the appointed attorney, unless they are indigent. *Id.* Texas courts have construed this statute to require payment from a person who lost all parental rights as a result of the action, *Standard v. Bledsoe*, 633 S.W.2d 566, 568 (Tex.App.—Texarkana 1982, no writ), and to require the trial court to tax the fees against the party or parties who made the appointment necessary, *Minns v. Minns*, 615 S.W.2d 893, 897 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ dism'd). When an ad litem's fee is unreasonable or excessive, we may fix the proper amount of the fee. *Dawson v. Garcia*, 666 S.W.2d 254, 264 (Tex.App.—Dallas 1984, no writ).

An appellate court may reverse a trial court's award of guardian ad litem fees only when the record shows that the trial court abused its discretion. *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex.1987). A party appealing from an award of ad litem's fees bears the burden of providing a record sufficient to show that the trial court abused its discretion in making that award. *Id.; * TEX. R.APP.P. 50(d). When the complaining party fails to provide such a record, reviewing courts must presume that the trial court heard sufficient evidence to support its decision. *Id.*

In the present case, Mr. and Mrs. Hirczy contested the possession issue, and though Mr. Hirczy lost parental rights by being proved not to be Alexander's father, the trial court properly awarded the guardian ad litem's trial fees against both Mr. and Mrs. Hirczy. The trial court heard evidence of hours spent and the attorney's expertise in the area. We cannot say the trial court abused its discretion in awarding the guardian ad litem $4,250.

Appellant has not provided us with a record of the hearing on the motion for new trial. We, therefore, do not know what evidence, if any, the trial court heard concerning the services performed by the guardian ad litem for the hearing on the motion for new trial and the services anticipated to be performed by the guardian ad litem in the event of an appeal. Without such record, we cannot say that the trial court abused its discretion in awarding the guardian ad litem $750 for time spent on the motion for new trial and $3,000 if this case was appealed. We overrule appellant's eighth point of error.

We AFFIRM the trial court's judgment.