NUMBER 13-01-00004-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ROY DALE FRAZIER, Appellant,


v.



BETTY A. FRAZIER AND

NAN KATHRYN McKIERNAN, Appellees.

 


On appeal from the 117th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Castillo, and Chavez (1)


Memorandum Opinion by Justice Hinojosa



 This is a divorce case. In fourteen issues, appellant, Roy Dale Frazier ("Roy"),
contends the trial court erred (1) in finding that he and appellee Betty A. Frazier ("Betty")
were informally married in Texas in 1981 and had not remarried in California after their first
divorce in 1971; (2) in dividing the marital estate; and (3) in awarding attorney's fees to
Betty and appellee Nan Kathryn McKiernan ("Nan"). We affirm.

 Roy and Betty were formally married in California in 1955, and divorced in California
in 1971. Following the divorce, Roy and Betty continued to live together in California. In
1981, Roy moved to Texas and began working in the construction business. Betty soon
followed, and the two agreed to be married without formalities in the State of Texas in
1981. During this second marriage, Roy and Betty acquired certain community property.

 On January 27, 1999, Betty filed for divorce, and the trial court heard the case on
January 24, 2000. However, Betty filed a motion for new trial, and the trial court granted
the motion on March 9, 2000.

 On April 11, 2000, Roy amended his answer and added a third-party claim against
Nan. The case was tried to the court on July 11, 12, and 13, 2000, and the court rendered
its decision on July 13, 2000. The decision was reduced to writing, and the court signed
the "Final Decree of Divorce" on October 6, 2000.

 In his first and second issues, Roy contends the trial court erred in finding that his
informal marriage with Betty commenced in 1981 in Texas, rather than in 1972 in
California.

 It is undisputed that Roy and Betty were divorced in 1971, and no formal ceremony
of marriage was performed thereafter. In California, common-law marriage is not
recognized, and certain conditions, including a formal ceremony, must be met before the
marriage is considered "lawful." Menchaca v. Farmers Ins. Exchange (1976) 59 Cal.
App.3d 117 [130 Cal. Rptr. 607, 614]. Therefore, the trial court did not err in finding that
the informal marriage of Roy and Betty commenced in 1981 in Texas, rather than in 1972
in California. Roy's first and second issues are overruled.

 In his third issue, Roy contends the trial court erred in finding that Nan was the
owner of the Jackson condominium, and in failing to find that Betty violated the fiduciary
relationship existing between spouses and committed fraud on the community. 

 It is unnecessary to address this contention because error, if any, is waived. Under
rule 38.1(h) of the Texas Rules of Appellate Procedure, an appellant's brief "must contain
a clear and concise argument for the contentions made, with appropriate citations to
authorities and to the record." Tex. R. App. P. 38.1(h). Failure to cite authority or provide
substantive analysis waives an issue on appeal. See Fed. Sign v. Tex. S. Univ., 951
S.W.2d 401, 410 (Tex. 1997); Sunnyside Feedyard, L.C. v. Metro. Life Ins. Co., 106
S.W.3d 169, 173 (Tex. App.-Amarillo 2003, no pet.); Nguyen v. Kosnoski, 93 S.W.3d 186,
188 (Tex. App.-Houston [14th Dist.] 2002, no pet.); Tex. Dep't of Pub. Safety v. Struve, 79
S.W.3d 796, 801 n.6 (Tex. App.-Corpus Christi 2002, pet. denied).

 Roy offers no legal analysis and fails to cite any authority supporting this specific
issue. See McIntyre v. Wilson, 50 S.W.3d 674, 682 (Tex. App.-Dallas 2001, pet. denied). 
Thus, error, if any, is waived. Roy's third issue is overruled. 

 In his fourth issue, Roy broadly asserts that the trial court erred in the division of the
marital estate because "the division is not reasonably equal, not a reasonably equal
partition under the circumstances, is arbitrary unreasonable and unfair." Despite Roy's
failure to provide clear and concise arguments with appropriate citations to authorities and
to the record supporting this assertion, we will briefly address this issue.

 Trial courts have wide discretion in the division of property upon divorce and are
allowed to take many factors in consideration in making a just and right division. Schlueter
v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998); Murff v. Murff, 615 S.W.2d 696, 698-99
(Tex. 1981). The Texas Family Code provides, "In a decree of divorce or annulment, the
court shall order a division of the estate of the parties in a manner that the court deems just
and right, having due regard for the rights of each party and any children of the marriage." 
Tex. Fam. Code Ann. § 7.001 (Vernon 1998). The trial court's discretion is not unlimited,
and some reasonable basis must exist for an unequal division of the property. Although
the division does not have to be equal, an unequal division must be supported by some
reasonable basis. O'Carolan v. Hopper, 71 S.W.3d 529, 523 (Tex. App.-Austin 2002, no
pet.); Zieba v. Martin, 928 S.W.2d 782, 790 (Tex. App.-Houston [14th Dist.] 1996, no writ);
Mata v. Mata, 710 S.W.2d 756, 760 (Tex. App.-Corpus Christi 1986, no writ).

 When we review a trial court's division of marital property, we presume the trial court
exercised its discretion properly. Vallone v. Vallone, 644 S.W.2d 455, 460 (Tex. 1982);
Murff, 615 S.W.2d at 696. We will not disturb a trial court's ruling unless a complainant
has shown a clear abuse. Vallone, 644 S.W.2d at 460; Cockerham v. Cockerham, 527
S.W.2d 162, 173 (Tex. 1975). A clear abuse of discretion is shown only if the division of
property is manifestly unjust and unfair. Ridgell v. Ridgell, 960 S.W.2d 144, 147 (Tex.
App.-Corpus Christi 1997, no pet.). The test for abuse of discretion is not whether, in the
opinion of the appellate court, the facts present an appropriate case for the trial court's
action; rather, it is a question of whether the trial court acted without reference to any
guiding rules or principles, and the mere fact that a trial court may decide a matter within
its discretionary authority differently than an appellate court does not demonstrate such an
abuse. See Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985);
see also E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995);
Loftin v. Martin, 776 S.W.2d 145, 146 (Tex. 1989).

 After reviewing the entire record, we cannot say that the trial court abused its
discretion in dividing the marital estate. The record shows that the trial court considered
a number of factors in dividing the parties' estate, including: (1) the age, health, and
physical condition of the parties; (2) the relative earning capacities and business
experience of the parties; (3) the relative financial conditions and obligations of the parties;
and (4) whether one of the parties to the marriage had wasted community assets. 
Accordingly, even if Roy had preserved this issue, we would hold that the trial court did not
abuse its discretion in dividing the marital estate. Roy's fourth issue is overruled.

 In his seventh issue, Roy contends the trial court erred in awarding attorney's fees
to Nan because there is no basis in law for such an award.

 In a suit for dissolution of a marriage, the trial court may award reasonable costs to
a party. Tex. Fam. Code Ann. § 6.708 (Vernon 1998). The trial court has discretion to tax
reasonable attorney's fees as costs in a divorce case. Hirczy v. Hirczy, 838 S.W.2d 783,
786 (Tex. App.-Corpus Christi 1992, writ denied); see also Tex. Fam. Code Ann. § 6.708
(Vernon 1998). Roy's "Second Amended Original Answer, Counterclaim for Divorce and
Suit to Establish a Constructive Trust," made Nan a party to the divorce case. Thus,
section 6.708 provides a statutory basis for the trial court's award of attorney's fees to
Nan. (2) Roy's seventh issue is overruled.

 In his fourteenth issue, Roy asserts:

Roy's attorney offers to read the deposition of Kevin. Objection was made
that it would vary the interpretation by written document, court sustains the
objection to it becoming a part of the evidence. The objection is falsely
grounded because Kevin will testify as to the circumstances under which his
signature was obtained and the evidence should have been admitted. It is
material evidence as to whether or not the deed was properly signed and
acknowledged or was a false instrument.


Again, Roy offers no legal analysis and fails to cite any authority supporting this specific
issue. See McIntyre, 50 S.W.3d at 682. Thus, error, if any, is waived. Roy's fourteenth
issue is overruled.

 In his fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth issues, Roy
contends the trial court erred: (1) in developing a bias toward him; (2) in awarding Betty
attorney's fees; (3) in finding he committed fraud; and (4) in awarding Betty's
reimbursement claim. 

 Roy has not only failed to provide us with any legal authority for his contentions, he
has failed to provide us with any argument at all. See Tex. R. App. P. 38.1(h). Accordingly,
Roy's fifth, sixth, eighth, ninth, tenth, eleventh, twelfth, and thirteenth issues are waived.

 The judgment of the trial court is affirmed. 


 FEDERICO G. HINOJOSA

 Justice


Justice Chavez not participating.


Opinion delivered and filed this the

4th day of September, 2003.
1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court
of Texas pursuant to Tex. Gov't Code Ann. § 49.09(f) (Vernon 1998). However, Justice Chavez did not
participate in this decision because his assignment to this Court expired on August 31, 2003.
2. Roy does not complain about the amount of the award, only the award itself. Therefore, we need
not address the amount.