ACCEPTED
011400591
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/2/2015 11:39:53 PM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00591-CV

IN THE FIRST COURT OF APPEALS

HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

3/2/2015 11:39:53 PM

CHRISTOPHER A. PRINE
Clerk

JARROD DALE YOUNG, APPELLANT

V.

KATHRYN RENEE TERRAL, APPELLEE

Appeal from the 247th District Court
Harris County, Texas

REPLY BRIEF OF APPELLANT

Melissa E. Loveless
State Bar No. 24044326
Law Office of Melissa E. Loveless
9595 Six Pines Drive, Ste. 8210
The Woodlands, Texas 77380
Tel: (281) 973-8763
Fax: (832) 415-0123
melissa@lovelesslaw.com
State Bar Number 24044326

Attorney for Appellant-Petitioner, Jarrod Dale Young

## IDENTITY OF PARTIES AND COUNSEL

**APPELLANT/PETITIONER:**

Jarrod Dale Young

**COUNSEL FOR APPELLANT (TRIAL & APPEAL):**

Melissa E. Loveless
Law office of Melissa E. Loveless
9595 Six Pines Drive, Suite 8210
The Woodlands, Texas 77380

**APPELLEE/RESPONDENT:**

Kathryn Renee Terral

**COUNSEL FOR APPELLEE (TRIAL & APPEAL):**

Terisa Taylor
The Law Office of Terisa Taylor, P.C.
917 Franklin Street, Suite 510
Houston, Texas 77002

# TABLE OF CONTENTS

Page No.

IDENTITY OF PARTIES AND COUNSEL.................................................................I

INDEX OF AUTHORITIES............................................................. III

ARGUMENT AND AUTHORITIES.................................................................1

    I.    THE TRIAL COURT ERRED IN AWARDING THE AMOUNT OF RETROACTIVE CHILD SUPPORT BY ADOPTING APPELLEE COUNSEL'S MATH

    II.    THE TRIAL ABUSED ITS DISCRETION IN AWARDING PRENATAL AND POSTNATAL EXPENSES WHEN (1) THERE WAS NOT A "PROPER SHOWING" AS PER TEX. FAM. CODE §160.636(G) AND (2) IT UNFAIR SURPRISE

    III.    THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING ATTORNEY'S FEES TO APPELLEE'S TRIAL COUNSEL WHEN NO EVIDENCE WAS PRESENTED ON FEES AND FAILED TO DESIGNATE HERSELF AS AN EXPERT

CONCLUSION AND PRAYER.................................................................9

CERTIFICATE OF SERVICE.................................................................10

# INDEX OF AUTHORITIES

CASES:                                                                    PAGE NO.

*Charette v. Fitzgerald*, 213 S.W.3d 505, 514–15
(Tex. App.-Houston [14th Dist.] 2006, no pet.................................................8

*Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010)..................................6, 7

*Hanson v. Lecky,*
*754 S.W.2d 292, 298 (Tex.App.-Tyler 1988, writ denied)*...............................6

*Hirczy v. Hirczy*,
838 S.W.2d 783, 786 (Tex.App.-Corpus Christi, 1992)...............................7

*London v. London*, 94 S.W.3d 139, 147–49
(Tex. App.-Houston [14th Dist.] 2002, no pet.); .............................................8

*In the Interest of Q.D.T., Jr., A Child*,
Case No. 14-09-00696-CV, 6 (Tx.Ct. App. 14, Nov. 4, 2010)............1, 5, 8, 9

*Woollett v. Matyastik*, 23 S.W.3d 48, 52–53, (Tex.App. 2000)........................8


STATUTES:
                                                                          PAGE NO.
Tex. Civ. Prac. & Rem. Code §74.351(b)......................................................8

Tex. Fam. Code Ann. § 160.636(g)(h)…………………………………1, 4

Tex. R. App. Proc. 33.1(d)…………………………………………......…6, 7, 8, 9

Tex.R.Civ.P. 324(a),(b)…………………………………….....................………9

TO THE HONORABLE FIRST COURT OF APPEALS:

## ARGUMENT AND AUTHORITIES

**I.    The trial court erred in awarding the amount of retroactive child support by adopting Appellee Counsel's Math**

While there is broad discretion in family law matters, TEX. FAM. CODE § 160.636(h) is a "shall" statute which controls the trial court in ordering retroactive child support. *In the Interest of Q.D.T., Jr., A Child*, Case No. 14-09-00696-CV, 6 (Tx.Ct. App. 14, Nov. 4, 2010).   It is Appellant's contention that the trial did attempt to order the retroactive child support amount after considering the factors provided by the Texas Family Code.

It is clear by the trial court's award of the very specific dollar amount of retroactive child support in the amount of $5,027.00 that the court adopted Appellee's number.  (1 RR 63, 11-20; RR 125, 5-7).  It can be deduced that the trial court was awarding Appellee the difference in child support for the 11 month period from the time Appellant began a new job making more money than he was ordered to originally pay in the temporary orders in the amount of $300 per month. (1 RR 63, 7-9).  Appellee attempts to avoid this point in her Reply Brief by citing different factors the trial court could have taken into consideration in awarding retroactive child support.  By setting forth these factors in detail, Appellee attempts to confuse the focus of the error, which is that the trial court adopted the exact

1

number that trial counsel for Appellee provided to the court for retroactive child support calculation. The trial court failed to review the math that totaled that amount. The record reflects that the line of questioning to Appellant by Appellee's trial counsel consisted of the following:

> A. I'm not sure where you're getting --
> Q. What you should have been paying and what you've been paying?
>
> (1 RR 63, 7-9)

Further, Appellee specifically pled for retroactive child support in her *Counter-Petition in Suit Affecting Parent-Child Relationship* as she reiterates in her Brief as follows: "Specifically, Appellee requested that 'any order of child support be made retroactive to the earlier time of service upon JARROD DALE YOUNG or his appearance in this matter. (CR 25).'" Since Appellant was the petitioner/counter-respondent in this case, Appellant appeared on the date the counter-petition was served on August 20, 2012. (CR 23). As per the Agreed Temporary Orders, Appellant was ordered to begin paying child support on September 1, 2012. (CR 40). Appellee did not request any other retroactive child support in her pleadings or during the course of the trial.

Appellee asserts that error was not preserved on this issue of $223.00 being ordered versus $300.00 per month being ordered; however, there was not a need to controvert Appellant's testimony as multiple pieces of evidence were offered and admitted into the record *by Appellee's counsel* after the testimony that Appellee

2

cites as uncontroverted. All other evidence specifically provided the correct amount of $300.00 per month as being ordered and as being paid. (1 RR 100, 5-9). Further, the amounts paid by Appellant were confirmed by Appellee's testimony regarding such payments. (RR 100, 5-9). Specifically, RX - 4 the Harris County Pay History was introduced by trial counsel for Appellee during Appellee's direct examination. (2 RR 31-34). Additionally, all the evidence admitted supported Appellant's testimony that he was paying approximately $70 per week. (1 RR 62, 4-7). The Agreed Temporary Orders, signed by both parties and counsel, were also admitted into evidence subsequent to the specific testimony which Appellee asserts was not controverted. The Agreed Temporary Orders ordered Appellant to pay $300 per month beginning September 1, 2012. (2 RR 18).

Appellant recognizes that a trial court has authority to award retroactive child support for almost anything, but the record indicates that the trial court made its' decision based on a specific line of questioning by Appellee's trial counsel. (1 RR 63, 11-20; RR 125, 5-7). Upon review of the record it is clear the trial court's intent was to order the difference of what Appellant paid in child support and what he should have been paying per guidelines for the 11 months he had a higher paying job. The trial court erred by failing to review the evidence in calculating those numbers and by blindly adopting the trial counsel's statement as the correct calculation.

**II.** **The trial court abused its discretion in awarding prenatal and postnatal expenses because (1) there was not a "proper showing" as per Tex. Fam. Code 160.636(g) and (2) it was unfair surprise**

Appellee responds in her Reply Brief that the $8,750 in medical insurance premiums was properly supported by evidence and was not unfair surprise in this case because she pled for prenatal and postnatal expenses in her counter-petition. Appellee asserts that Appellant went outside of the record in his Brief regarding discovery issues; however, the record reflects that there was testimony on the lack of discovery in this case. Specifically, Appellant testified that discovery was requested and that nothing was ever provided in response to requests for medical bills. (RR 67, 13-19). Further, a Certificate of Discovery is on file with the court regarding such requests dated November 12, 2012. (2 RR 56-57; CR 25). On the other hand, Appellee admittedly goes outside the record in her Reply Brief to provide only one of Appellant's discovery requests. Appellee further admits in her Reply Brief that there was not any documents produced regarding the COBRA premiums paid by Appellee's parents because that specific discovery question did not request "insurance premiums." Appellee fails to provide any other request(s) as served by Appellant in that set of discovery.

More importantly, Appellee asserts she is entitled to prenatal and postnatal expenses despite the lack of any evidence offered or admitted on these expenses. The oral testimony and shorthand rendition written out by the mother of Appellee,

Mrs. Jaime Terral, was the only testimony presented in connection with the health insurance premiums for Appellee and the child. Further, a copy of this hand written rendition was not provided to Appellant's trial counsel at trial so that she could properly cross-examine the witness. The original was admitted and taken into the possession of the court. (1 RR 75, 25 – 76, 9). This was unfair surprise since there had never been any mention of such premiums prior to the trial. At the time of the offering the following objection was made by Appellant's counsel:

> MS. LOVELESS: Objection, your Honor. This is just her testimony on a sheet of paper.
>
> THE COURT: That's all she's offering it for, is a shorthand rendition of her testimony.

Similarly, *In the Interest of Q.D.T., Jr., A Child*, trial counsel for Appellee did not offer into the record any evidence of the prenatal and postnatal expenses. In that case, it is deduced by the Court of Appeals from the testimony that the parties reviewed certain medical expense documents while certain witnesses were testifying. That is not what happened in this case as the only witness who testified to any prenatal and postnatal expenses was Appellee's mother. The only document she referred to was her own hand written shorthand rendition on notebook paper. There were no supporting documents offered with regards to the premiums being paid. Specifically, no documents were produced such as a redacted bank statement reflecting the payments made for the premiums, there was not a copy of the

5

insurance policy itself offered, or an invoice breaking down the cost of the premiums for what time period was covered or who was covered.

Further, the trial court essentially reimbursed Appellee's parents for health insurance premiums for Appellee well past the postpartum period as well as a 6 month time period when the child was covered by Appellant's health insurance obtained through his employer. (1 RR 75, 3-9, 1 RR 32, 4-6).

Again, as evidenced when the trial court made it's oral rendition, it adopted the number it heard from trial counsel for Appellee (1 RR 125, 7). This tends to support that the trial court relied solely on Appellee's counsel to provide figures without reviewing the evidence. Appellee cites *Hanson v. Lecky*, 754 S.W.2d 292 (1988) in connection with the prenatal and postnatal expenses; however, the issue dealt with in that case was whether there was evidence provided on attorney's fees. The *Hanson* court found evidence of the attorney submitting evidence of such attorneys fees, including detailed time slips. *Hanson v. Lecky*, 754 S.W.2d 292, 298 (Tex.App.-Tyler 1988, writ denied). The trial erred in awarding the cost of health insurance premiums to Appellee as there was an absence of evidence to support such an award. Lastly, Tex. R. App. Proc. 33.1 explicitly provides that in a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence may be made for the first time on appeal. Tex.R.App.P. 33.1(d).

**III.** **The trial court abused its discretion in awarding attorney's fees to Appellee's trial counsel when no evidence was presented on fees and counsel failed to designate herself as an expert**

Appellee cites *Hirczy v. Hirczy* in that a trial court may award attorney's fees as costs in *divorce* cases; however, the *Hirczy* court found that the attorney requesting fees provided evidence to the trial court support her request. *Hirczy v. Hirczy*, 838 S.W.2d 783, 786 (Tex.App.1992). Appellee asserts in her Reply Brief that ". . . it is a well established principle of law that an attorney may testify as to reasonableness and necessity of attorney's fees citing *Garcia v. Gomez*. However, the *Garcia* court found that the attorney had provided *some* evidence as to attorney's fees incurred. *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010) (emphasis added). Moreover, the *Garcia* case dealt with a medical malpractice claim in connection with Texas Civil Practice & Remedies Code §74.351(b). Here, Appellee's trial counsel did not provide any testimony as to the reasonableness of her fees in this case. The record merely reflects that she asked for attorney's fees in the amount of $9,272.00 (1 RR 125, 22 – 126, 4).

Counsel for Appellee again goes outside of the record alleging that she designated herself as an expert witness in responses to Request for Disclosure; however, there was not a witness list offered to the court regarding experts. Further, counsel for Appellant did state on the record that counsel for Appellee sent Requested Relief to her on the Friday before the Monday trial and that Appellee's

Request Relief requested that each party pay their own attorney's fees. (RR 168, 11-18). Trial counsel for Appellee acknowledged the document by stating, "But I didn't introduce it." (RR 168, 19). Trial counsel for Appellee did not designate herself as an expert and did not provide any evidence to support her fees.

Appellee's Brief asserts that the judge could award attorney's fees for a variety of reasons; however, that is not the issue being considered. The issue is whether the trial court abused its discretion and awarded attorneys fees when Appellee's trial counsel failed to comply with the prerequisites for such an award. The record reflects the prerequisites for an award of attorney's fees in this matter were not met.

Lastly, Appellee asserts that Appellant failed to preserve error on the issue of attorney's fees citing Tex. R. Civ. Proc. 33.1. Appellant asserts that the issue of attorney's fees was not one which required to be preserved at the time of trial. *In the Interest of Q.D.T., Jr., A Child*, found the following:

> In awarding attorney's fees under the Family Code, the court may not take judicial notice that usual and customary fees are reasonable; the party must offer legally and factually sufficient evidence on the issue. See, e.g., London v. London, 94 S.W.3d 139, 147–49 (Tex. App.-Houston [14th Dist.] 2002, no pet.); Woollett, 23 S.W.3d at 52–53; see also Charette v. Fitzgerald, 213 S.W.3d 505, 514–15 (Tex. App.-Houston [14th Dist.] 2006, no pet.) (stating that, in actions other than those identified in section 38.001 of the Texas Civil Practice and Remedies Code, the trial court may not take judicial notice that the usual and customary fees are reasonable and the party

8

must offer legally and factually sufficient evidence of reasonableness).

In this case, there was not an action filed under Tex.Civ.Prac.Rem.Code §38.001, and therefore, it required an offering of legally and factually sufficient evidence on the issue of requested attorney fees in this case. Tex. R. App. Proc. 33.1 explicitly provides that in a nonjury case, a complaint regarding the legal or factual insufficiency of the evidence may be made for the first time on appeal. Tex.R.App.P. 33.1(d). Further, *In the Interest of Q.D.T.* case, the Court holds that ". . . a motion for new trial is not required to preserve a factual-sufficiency issue in a bench trial. Tex.R.Civ.P. 324(a),(b). (1 RR 125, 22)

The award of the attorney's fees to Appellee is not supported by sufficient evidence in this matter.

## CONCLUSION AND PRAYER

This appeal concerns the trial court abusing its' discretion in arbitrarily adopting trial counsel for Appellee's calculations for retroactive child support, ordering prenatal and postnatal expenses where there was not evidence to support such an award, and awarding attorney's fees when fees were not proven up before the trial court. Appellant prays that this Court (1) reverse the judgment of the trial court as to the the amount of retroactive child support ordered to $3,790.00, (2) reverse the award of prenatal and postal expenses and (3) reverse the award of

attorney's fees awarded to Appellee's counsel. Appellant additionally prays for any and all other relief to which Appellant may be entitled.

Respectfully submitted,

Law Office of Melissa E. Loveless
9595 Six Pines Drive, Ste. 8210
The Woodlands, Texas 77380
Tel: (281) 973-8763
Fax: (832) 415-0123


By: _Melissa E. Loveless_____
    Melissa E. Loveless
    State Bar No. 24044326
    melissa@lovelesslaw.com
    **Counsel for Appellant**

## CERTIFICATE OF SERVICE

As required by TEX. R. APP. P., I certify that on March 2, 2015, I served a true and correct copy of the foregoing Brief for Appellant to all parties by e-serving as follows:

Terisa Taylor
The Law Office of Terisa Taylor, P.C.
917 Franklin Street, Suite 510
Houston, Texas 77002


_Melissa E. Loveless_____
Melissa E. Loveless